UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WEISS,<br><br>             Plaintiff,<br><br>     v.<br><br>CHERRY POP ENTERTAINMENT GROUP, LLC,<br><br>             Defendant. | Case No. 21-cv-04944-JD<br><br>**ORDER RE DEFAULT JUDGMENT** |

Plaintiff Weiss filed a copyright infringement complaint alleging that defendant Cherry Pop Entertainment used on its website, www.retrojunkiebar.com, a 1981 photograph Weiss took of the legendary metal band, Van Halen. Dkt. No. 1. Weiss says that the United States Copyright Office registered the work in 2017, and that Cherry Pop published it without permission in 2018, which he discovered in January 2019. *Id*. at ¶¶ 18-21.

Weiss served a summons and the complaint on Cherry Pop in July 2021. Dkt. No. 7. Cherry Pop did not appear or respond to the complaint. Weiss requested a clerk's notice of default, which was entered in August 2021. Dkt. No. 14. In September 2021, Weiss filed a motion for default judgment. Dkt. No. 15. Approximately nine months have passed since then, with no response to the motion by Cherry Pop. Cherry Pop has not responded in any way to the lawsuit since service of the complaint in August 2021.

The Court has some concerns about entry of a default judgment. It is not clear why Weiss waited for more than two years to file the complaint in June 2021, after concluding in January 2019 that Cherry Pop was infringing his work. It is also not entirely clear that Cherry Pop is aware of the motion, which was not accompanied by a proof of service. Even so, the Court will grant the motion on the condition that Weiss file a proof of service of this order on Cherry Pop by

July 1, 2022.  Cherry Pop may file a response to the order within 14 calendar days of service of the order.  If no response is filed, judgment will be entered pursuant to this order.

The Court has discussed in another case the rules and *Eitel* factors governing entry of default judgment in a copyright case, and incorporates the discussion here.  *See Crisman v. Van Der Hoog*, No. 20-cv-02723-JD, 2021 WL 8445148 (N.D. Cal. Nov. 2, 2021).  *Crisman* also involved the alleged infringement of a photograph, and the analysis there applies across the board in this case.

Consequently, default judgment is granted subject to the service condition and response opportunity stated above.  The Court declines Weiss's request of $5,000 in statutory damages, and awards $3,000, which is three times the customary licensing fee Weiss charges.  *See* Dkt. No. 15-2 ¶ 13.  This multiplier is consistent with the usual rule of thumb in cases of this sort, *see Crisman*, 2021 WL 8445148, at *2, and the record here does not support a higher multiplier.

Attorneys' fees and costs are recoverable under the Copyright Act.  17 U.S.C. § 505.  The initial motion did not include attorney's fees, and so the Court directed Weiss to file a fees request.  Dkt. No. 18.  The request for an award of $4,790.00 in fees and $484.00 in costs, Dkt. No. 19, is granted.  The requested fees and costs are reasonable under the circumstances, particularly in light of Cherry Pop's failure to appear or respond to service.  The billing records adequately support the requests for fees and costs.  Interest at the statutory rate is granted on the judgment from the date it is entered by the Court.  *See* 28 U.S.C. § 1961.  Pre-judgment interest is denied.

**IT IS SO ORDERED.**

Dated:  June 24, 2022

JAMES DONATO
United States District Judge